```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED:  12/5/2017  
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
COLLINS FRANCIS,                                           :
                                                           :      **ORDER**
                            Plaintiff,   :
                                                           :      16-CV-5754 (JLC)
       -v-                                             :
                                                           :
CENTURY FIRST CREDIT SOLUTIONS *et al.*,   :
                                                           :
                          Defendants.   :
-----------------------------------------------------------------X

**JAMES L. COTT, United States Magistrate Judge.**

      The parties (and in particular the remaining plaintiff Collins Francis and all defendants) in this wage-and-hour case have consented to my jurisdiction under 28 U.S.C. § 636(c) for purposes of reviewing their proposed settlement (Dkt. No. 35) and have now submitted a joint letter (Dkt. No. 33) along with their proposed settlement agreement (Dkt. No. 33-1) for my approval under *Cheeks v. Freeport Pancake House*, 796 F.3d 199 (2d Cir. 2015). Courts generally recognize a "strong presumption in favor of finding a settlement fair" in cases like this one brought under the Fair Labor Standards Act ("FLSA"), as they are "not in as good a position as the parties to determine the reasonableness of an FLSA settlement." *Souza v. 65 St. Marks Bistro*, No. 15-CV-327 (JLC), 2015 WL 7271747, at *4 (S.D.N.Y. Nov. 6, 2015) (citation omitted). Moreover, plaintiff Collins Francis has expressed serious concerns about collectability, which "militates in favor of finding a settlement reasonable." *Lliguichuzhca v. Cinema 60, LLC*, 948 F. Supp. 2d 362, 365 (S.D.N.Y. 2013). *See also Hart v. RCI Hosp. Holdings, Inc.*, No. 09-CV-3043 (PAE), 2015 WL 5577713, at *10 (S.D.N.Y. Sept. 22, 2015) (significant "risk that plaintiffs would not be able to collect, or fully collect, on a judgment" supported approval of settlement agreement, which "[g]uaranteed recovery from the other two defendants in the event that [one] prove[d] unable to pay the entire settlement amount").

Having carefully reviewed the joint letter and the proposed settlement agreement, and with the above-stated principles in mind, the Court finds that all of the terms of the proposed settlement (including the allocation of attorneys' fees and costs) appear to be fair and reasonable under the totality of the circumstances (and in light of the factors enumerated in *Wolinsky v. Scholastic Inc.*, 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012). Accordingly, the settlement is hereby approved.

The Court will sign the Stipulation of Dismissal with Prejudice (Dkt. No. 33-1, Exh. 1) and file it on the docket forthwith.

As the Court previously dismissed the claims of all of the other named plaintiffs without prejudice in an Order dated October 25, 2016 (Dkt. No. 23), the Clerk is respectfully directed to close this case at this time.

**SO ORDERED.**

Dated: New York, New York
December 5, 2017

_____
JAMES L. COTT
United States Magistrate Judge